IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, ET AL | § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | **Civil Action No. 4:17-CV-452** |
| **MARK HAMMERVOLD, ET AL,** | § § | **Judge Mazzant** |
| | § § | |
| *Defendants,* | § | |

## PLAINTIFFS' RESPONSE TO MOTION TO WITHDRAW

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT:

Plaintiffs Diamond Consortium, Inc. d/b/a the Diamond Doctor, et al file this Response to the Motion to Withdraw filed by present counsel of record for Defendants Mark Hammervold and Hammervold, PLC (Dkt. #20), and would respectfully show this Court the following:

### I.

On May 31, 2017 this Court issued a Memorandum Opinion and Order in Civil Action No. 4-16-cv-94 denying the Motion for Withdrawal, Substitution of Counsel, and Designation of Lead Counsel filed by Varant Yegparian, Mark Hammervold, and Hammervold, PLC (Dkt #224). As this Court noted in that Order, Hammervold argued that he did not have sufficient resources to pay his counsel's fees through trial because his insurance policy would soon be depleted, but did not present evidence to the Court regarding the remaining balance of the policy or evidence regarding his (*alleged*) personal inability to pay counsel.

In the above-referenced Order, the Court also addressed the applicable legal standard, noting that an attorney may withdraw from representation only upon leave of court and a showing of good cause (and reasonable notice to the client), and that the attorney seeking to withdraw bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not adversely affect the efficient litigation of the suit, citing *In re Matter of Wynn*, 889 F.2d 644, 646; *Mass Engineered Design, Inc. v. Spaceco Bus. Sols., Inc.*, No. 6:14-CV-411, 2016 WL 6883029, at *1 (E.D. Tex. Mar. 22, 2016).  The Court also noted that applicable case law states that "[E]ven where good cause for withdrawal exists, it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel," citing *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).

### A.     Good Cause Does Not Exist for Withdrawal.

For two reasons, Defendants' counsel, Varant Yegparian, has still not met his burden of proving the existence of good cause for withdrawal.

First, the Declaration of Charles C. Coffey, Senior Claims Counsel with The Bar Plan, does not state that the policy insuring Hammervold, PLC has been depleted.  Instead, he states that there are monies left on the policy.  Second, and more importantly, the Declaration of Mark Hammervold does not demonstrate that Hammervold cannot afford to retain counsel. In fact, the Declaration contains no personal financial information about Mark Hammervold whatsoever, and instead provides only a global, conclusory estimate of the 2018 gross revenues of Hammervold, PLC and a global, conclusory estimate of expenses incurred in 2018 by Hammervold, PLC.  This Declaration does not address the assets– or the net worth– of Mark

Hammervold at all.  This Declaration does not address the assets or gross or net revenues realized by Hammervold, PLC in 2017, or in any prior years.  Indeed, deposition testimony given by Mark Hammervold in Civil Action No. 4-16-cv-94 in May 2017 demonstrates that Mark Hammervold can afford to retain counsel in his own right.  This testimony (which Hammervold designated as "confidential" during the pendency of that case, and will be filed under seal or tendered to the Court for in-camera review) demonstrates that the Hammervold Declaration has been filed in bad faith.

### B.   Texas Law Precludes Yegparian's Withdrawal and Hammervold's Substitution of Counsel.

Even if Defendants' counsel could show good cause for withdrawal, this Court properly determined that the requested substitution of counsel (whereby Hammervold would appear as counsel for both himself and Hammervold PLC) could not be allowed even if Yegparian were permitted to withdraw.  Hammervold PLC is a corporate entity that must be represented by counsel - and its counsel cannot be Hammervold.  The Texas Disciplinary Rules of Professional Conduct, adopted for practice before the Eastern District of Texas, specifically provides that "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client" (absent certain exceptions not applicable here).  Tex. Disc. R. Prof. Conduct 3.08(a).  Courts regularly enforce this prohibition, as the Trial Court did here.

Corporations are fictional legal persons who cannot appear for themselves, or through a corporate officer, and must be represented by licensed counsel. *See Southwest Express Co., Inc. v. ICC*, 670 F.2d 53, 55-56 (5th Cir. 1982); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam).  Thus, a right to appear *pro se* does not extend

to a corporation. *Intelligender, LLC v. Soriano*, 2012 U.S. Dist. LEXIS 46804, *2 (E.D. Tex. Apr. 3, 2012). Hammervold PLC must be represented by counsel, but Hammervold himself, though a licensed attorney, cannot serve in that capacity. For him to do so would violate the Texas Disciplinary Rules of Professional Conduct.

In *Marin v. Gilberg*, 2008 U.S. Dist. LEXIS 53341 (S.D. Tex. July 11, 2008), for example, the court disqualified an attorney from representing his law firm at trial where it was undisputed that the attorney was a necessary fact witness and would provide extensive testimony at trial. *See id.*, at *7-8 ("[i]t would be improper to allow Mr. Carrigan to act as an advocate and to provide lengthy trial testimony for the reasons that underlie the disciplinary rules"). *See also* ABA Model Rules of Professional Conduct, Rule 3.7(a); *International Woodworkers v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1272-1273 (4th Cir. 1981); *Noval Williams Films, LLC v. Branca*, 128 F.Supp.3d 781, 790-91 (S.D.N.Y. 2015).

The rationale behind this prohibition is to eliminate: (1) the possibility that the attorney will appear to vouch for his own credibility in addressing the jury; (2) the unfair situation that arises when an opposing attorney has to cross-examine an attorney/adversary and seeks to impeach his credibility; and (3) the appearance of impropriety (*i.e.*, the likely implication that the testifying attorney may well be distorting the truth for the sake of his client). *Culebras Enters. v. Rivera-Rios*, 846 F.2d 94, 99 (1st Cir. 1988); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015).

It is undisputed that Mark Hammervold will be the primary witness for both himself and Hammervold PLC at trial, and that his testimony will address a number of contested fact issues. Thus, the Court is well within its discretion in refusing to allow him to appear as counsel for Hammervold PLC.

Moreover, because Hammervold PLC must be represented by separate counsel, and because the interests of Hammervold and Hammervold PLC are identical, Hammervold cannot represent himself *pro se*. A defendant should not be allowed to proceed *pro se* if his or her doing so would result in "hybrid representation." In *United States v. Cano*, 519 F.3d 512 (5th Cir. 2008), the Fifth Circuit Court of Appeals stated as follows:

> In his initial motion, Cano sought to engage in hybrid representation whereby he and his attorney would act as co-counsel. There is no constitutional right to such form of representation.

*Id.*, at 516, *citing McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984). *See also Long*, 597 F.3d at 724 ("[t]here is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel").

Federal courts across the country routinely exercise their discretion not to allow a party to appear *pro se* when that party is represented by separate counsel. *See, e.g., O'Reilly*, 692 F.2d at 867 ("a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained"); *United States v. Rohner*, 634 F. App'x 495, 501 (6th Cir. 2015) ("[t]hough Rohner claims a right to engage in partial self-representation, no such right exists in the federal system"); *Benton v. United States EPA*, 2012 U.S. Dist. LEXIS 42834, *3 (N.D. Tex. March 28, 2012) ("[t]he court declines in its discretion to permit Benton to be represented by counsel and to act *pro se* in the same case"); *Munz v. Fayram*, 626 F. Supp. 197, 200 (N.D. Iowa 1985) (a party to a civil action does not have "either a constitutional or statutory right to have counsel and to speak and argue for himself at the same time"); *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982) (the right to representation is "disjunctive; a party may either represent himself or appear through an attorney").

Here, for the reasons stated previously, Mark Hammervold cannot represent Hammervold PLC in the underlying lawsuit, and Hammervold PLC must be represented by separate counsel. Hammervold and Hammervold PLC's aligning interests in the case would, as previously determined by this Court, lead to prohibited hybrid representation if Hammervold were allowed to appear *pro se*.

This exact situation was before the court in *United States v. Private Brands, Inc.*, 250 F.2d 554 (2nd Cir. 1957), *cert. denied*, 355 U.S. 957 (1958).  In that case a corporation and Carey, its President and controlling stockholder, had been jointly prosecuted for fraudulently misrepresenting the quality of goods sold to government agencies.  On the day trial was to begin, but before a jury was empanelled, Carey sought permission to proceed *pro se* and to have Driscoll, the attorney who had up to that point represented both him and the corporation, continue to represent the latter. The trial court denied Carey's request, and the Second Circuit determined as follows:

> In the case at bar Mr. Carey in effect wished to be represented by the attorney for the corporation, *whose interests were identical with his own*, and also act as his own attorney. The trial judge may well have thought this would cause delay and confusion in the trial. We cannot see any abuse of discretion in the way he handled the matter….250 F.2d at 557 (emphasis added).  *See also O'Reilly*, 692 F.2d at 868 (distinguishing *Private Brands* on the basis that "the interests of Contemporary Mission and Rev. O'Reilly, unlike those of Private Brands and Carey, are not identical").

Here, there is no question whatsoever that the interests of Hammervold and Hammervold PLC are identical, and this Court is well within its discretion in refusing to allow Hammervold to appear *pro se* when such representation would result in hybrid representation.

C.     **Yegparian's Withdrawal Would Affect the Efficient Litigation of the Suit.**

The Diamond Doctor has alleged that Hammervold and his co-conspirators engaged in a scheme to defraud targeted jewelers, including the Diamond Doctor, and that Hammervold and others continued to harass and threaten Plaintiffs throughout the pendency of Civil Action No. 4-16-cv-94 by, among other things, putting up a website showing the names, purchase history, and contact information of numerous customers of the Diamond Doctor, with links to a database containing detailed information and sales records about each customer's purchase from the Diamond Doctor.  This type of negative advertising has been damaging to the Plaintiffs, and is also damaging to the Diamond Doctor's customers, who never authorized the publication of their telephone numbers and purchase information.  This Court has ample information before it to suggest that if Yegparian's withdrawal is granted and Hammervold is allowed to appear as counsel he and others might, and likely will, use this data to further breach confidences and harass the Diamond Doctor.

Parties in federal court are guaranteed by statute the right to proceed *pro se*.  *See* 28 U.S.C. § 1654 (2012); *Sprague v. Dep't of Family & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013).  But the right to appear *pro se* is not unlimited, and the statutory right to self-representation in civil cases "does not enjoy constitutional protection."  *United States v. Klat*, 1999 U.S. App. LEXIS 40865, at *16.  In particular, a court may deny a civil litigant's right to appear *pro se* if the right is untimely asserted, if the defendant has engaged in disruptive or obstructionist conduct, or if a *pro se* appearance would lead to "hybrid representation."  *See Long*, 597 F.3d at 724; *O'Reilly*, 692 F.2d at 867.

In the Memorandum Opinion and Order discussed on pages 1 and 2 of this Response, the Court also noted as follows:

Further, although Hammervold timely asserted his right to appear *pro se* in advance of trial, the Court notes that Hammervold has been a party to the case since September 2016. Hammervold only asserted his right to self-representation after Plaintiffs objected to a modification of the protective order that would allow the Attorney Defendants to access Plaintiffs' highly confidential information.

This Court may have legitimately considered Hammervold's prior request (of self-representation) to be disruptive gamesmanship, given the obvious fact that it was prompted solely in an effort to circumvent the Protective Order that he – and his co-conspirators – had previously agreed to. The United States Court of Appeals for the Fifth Circuit clearly viewed Hammervold's request in this manner, expressly stating that Hammervold's attempt to make himself counsel of record constituted forbidden "obstructionist misconduct". See Exhibit "A". This Court should prevent such misconduct.

Finally, actions and conduct that Hammervold has engaged in recently in other cases suggest that if he is permitted to represent himself in this proceeding he will do so in an obstructionist manner. On July 20, 2018, the Circuit Court for Williamson County, Tennessee at Franklin issued a 122 page Memorandum and Order finding as follows:

- Hammervold and Hammervold PLC were in contempt of a court order without justification;

- Hammervold and Hammervold PLC failed to "maintain candor" with the court "throughout" those proceedings;

- Hammervold and Hammervold PLC attempted to "defraud" the court for "over two years"; and

- Hammervold and Hammervold PLC exhibited sanctionable conduct "throughout" those proceedings" and had abused the discovery process in those proceedings.

The court in that action sanctioned Hammervold and Hammervold PLC for their "contemptuous conduct" and found the actions and conduct of Mark Hammervold so egregious

that, in addition to imposing sanctions against Hammervold in the amount of $622,696.12, the court referred Hammervold's conduct to both the Tennessee Board of Professional Responsibility and the Tennessee District Attorney's Office.  *See* Exhibit "B".

Hammervold's conduct in the Tennessee matter sheds considerable doubt on Hammervold's character and fitness for practice before the Eastern District of Texas – doubt that is only aggravated by the fact that Plaintiffs' claims against Hammervold in the present case stem directly from Hammervold's alleged misconduct as an attorney.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Response be received and filed and, upon consideration, that the Motion to Withdraw be denied.

Respectfully submitted,

**STECKLER GRESHAM COCHRAN**

**Bruce W. Steckler**
Texas Bar No. 00785039
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
bruce@stecklerlaw.com
kirstinet@stecklerlaw.com

**Thomas W. Fee**
State Bar No. 06873160
**Howard J. Klatsky**
State Bar No. 00786024
**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone:  972-934-9100
Facsimile:  972-934-9200
tfee@feesmith.com
hklatsky@feesmith.com

Randy Johnston
State Bar No. 10834400
**JOHNSTON TOBEY BARUCH, P.C.**
3308 Oak Grove Avenue
Dallas, TX 75204
Telephone: 214-741-6260
Facsimile: 214-741-6248
randy@jtlaw.com

Braden M. Wayne
State Bar No. 24075247
**SETTLEPOU**
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219
Telephone: 214-520-3300
Facsimile: 214-526-4145
bwayne@settlepou.com

**ATTORNEYS FOR PLAINTIFF
DIAMOND CONSORTIUM, INC. and
DAVID BLANK**

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 22nd day of August, 2018, I served a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action as follows.

| | |
|---|---|
| *Via E-filing & Email* | *E-filing & Email* |
| Varant Yegparian | Bruce W. Steckler |
| **Schiffer Hicks Johnson, PLLC** | **Steckler Gresham Cochran** |
| 700 Louisiana St., Suite 2650 | 12720 Hillcrest Road- Suite 1045 |
| Houston, Texas 77002 | Dallas, Texas 75230 |
| | |
| *Via E-filing & Email* | *Via E-filing & Email* |
| Braden M. Wayne | Randy Johnston |
| **SettlePou** | **Johnston Tobey Baruch, P.C.** |
| 3333 Lee Parkway, Eighth Floor | 3308 Oak Grove Avenue |
| Dallas, Texas 75219 | Dallas, Texas 75204 |

**HOWARD J. KLATSKY**