IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, ET AL<br><br>*Plaintiffs*,<br><br>vs.<br><br>MARK HAMMERVOLD, ET AL,<br><br>*Defendants*, | § § § § § § § § § § § § § | Civil Action No. 4:17-CV-452<br>Judge Mazzant |

## PLAINTIFFS' RESPONSE TO MOTION TO PROCEED PRO SE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT:

Plaintiffs Diamond Consortium, Inc. d/b/a the Diamond Doctor, et al file this Response to the Motion to Proceed Pro Se that Defendants Mark Hammervold and Hammervold, PLC filed in this proceeding on August 8, 2018 (Dkt. #22), and would respectfully show this Court the following:

### I.

On May 31, 2017, after full briefing by the parties and a hearing before the Court, this Court issued a Memorandum Opinion and Order in Civil Action No. 4-16-cv-94 denying the Motion for Withdrawal, Substitution of Counsel, and Designation of Lead Counsel filed by Varant Yegparian, Mark Hammervold, and Hammervold, PLC (Dkt. #224). As this Court noted in that Order, Hammervold argued that he did not have sufficient resources to pay his counsel's fees through trial because his insurance policy would soon be depleted, but he did not present

evidence to the Court regarding the remaining balance of the policy or evidence regarding his (*alleged*) personal inability to pay counsel.

In that Order, the Court also addressed the applicable legal standard, noting that an attorney may withdraw from representation only upon leave of court and a showing of good cause (and reasonable notice to the client), and that the attorney seeking to withdraw bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not adversely affect the efficient litigation of the suit. *See* Dkt. #224 (citing *In re Matter of Wynn*, 889 F.2d 644, 646; *Mass Engineered Design, Inc. v. Spaceco Bus. Sols., Inc.*, No. 6:14-CV-411, 2016 WL 6883029, at *1 (E.D. Tex. Mar. 22, 2016)). The Court also noted that applicable case law states that "[E]ven where good cause for withdrawal exists, it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Id.* (citing *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). The Fifth Circuit affirmed this Court's Order.

Hammervold's recent Motion is nothing new. This Court has already determined that the requested substitution of counsel (whereby Hammervold would appear as counsel for both himself and Hammervold PLC) should not be allowed even if his retained counsel were permitted to withdraw.

**A.  Hammervold PLC, is a corporate entity that must be represented by counsel, and its counsel cannot be Hammervold.**

Corporations are fictional legal persons who cannot appear for themselves, or through a corporate officer, and must be represented by licensed counsel. *See Southwest Express Co., Inc. v. ICC*, 670 F.2d 53, 55-56 (5th Cir. 1982); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). Thus, a right to appear *pro se* does not extend

to a corporation. *Intelligender, LLC v. Soriano*, 2012 U.S. Dist. LEXIS 46804, *2 (E.D. Tex. Apr. 3, 2012). Hammervold P.C. must be represented by counsel, but Hammervold himself, though a licensed attorney, cannot serve in that capacity.

The Texas Disciplinary Rules of Professional Conduct, adopted for practice before the Eastern District of Texas, specifically provide that "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client" (absent certain exceptions not applicable here). TEX. DISCIP. R. PROF. CONDUCT 3.08(a). Courts regularly enforce this prohibition, as the Court did here.

In *Marin v. Gilberg*, 2008 U.S. Dist. LEXIS 53341 (S.D. Tex. July 11, 2008), for example, the court disqualified an attorney from representing his law firm at trial where it was undisputed that the attorney was a necessary fact witness and would provide extensive testimony at trial. *See id.*, at *7-8 ("[i]t would be improper to allow Mr. Carrigan to act as an advocate and to provide lengthy trial testimony for the reasons that underlie the disciplinary rules"). *See also* ABA Model Rules of Professional Conduct, Rule 3.7(a); *International Woodworkers v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1272-1273 (4th Cir. 1981); *Noval Williams Films, LLC v. Branca*, 128 F.Supp.3d 781, 790-91 (S.D.N.Y. 2015).

The rationale behind this prohibition is to eliminate: (1) the possibility that the attorney will appear to vouch for his own credibility in addressing the jury; (2) the unfair situation that arises when an opposing attorney has to cross-examine an attorney/adversary and seeks to impeach his credibility; and (3) the appearance of impropriety (*i.e.*, the likely implication that the testifying attorney may well be distorting the truth for the sake of his client). *Culebras Enters. v.*

*Rivera-Rios*, 846 F.2d 94, 99 (1st Cir. 1988); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015).

It is undisputed that Mark Hammervold will be the primary witness for both Defendants at trial, and that his testimony will address a number of contested fact issues. Thus, the Court is well within its discretion in refusing to allow him to appear as counsel for Hammervold PLC.

**B.    The Hammervold Defendants are still represented by counsel in this matter.**

It is also the case that a defendant should not be allowed to proceed *pro se* if his or her doing so would result in "hybrid representation." In *United States v. Cano*, 519 F.3d 512 (5th Cir. 2008), the Fifth Circuit Court of Appeals stated as follows:

> In his initial motion, Cano sought to engage in hybrid representation whereby he and his attorney would act as co-counsel. There is no constitutional right to such form of representation.

*Id.*, at 516, *citing McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984). *See also Long*, 597 F.3d at 724 ("[t]here is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel").

Federal courts across the country routinely exercise their discretion not to allow a party to appear *pro se* when that party is represented by separate counsel. *See, e.g., O'Reilly*, 692 F.2d at 867 ("a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained"); *United States v. Rohner*, 634 F. App'x 495, 501 (6th Cir. 2015) ("[t]hough Rohner claims a right to engage in partial self-representation, no such right exists in the federal system"); *Benton v. United States EPA*, 2012 U.S. Dist. LEXIS 42834, *3 (N.D. Tex. March 28, 2012) ("[t]he court declines in its discretion to permit Benton to be represented by counsel and to act *pro se* in the same case"); *Munz v. Fayram*, 626 F. Supp. 197, 200 (N.D. Iowa 1985) (a party to a civil action does not have "either a constitutional or

statutory right to have counsel and to speak and argue for himself at the same time"); *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982) (the right to representation is "disjunctive; a party may either represent himself or appear through an attorney").

Here, for the reasons stated previously, Mark Hammervold cannot represent Hammervold PLC in the underlying lawsuit, and Hammervold PLC must be represented by separate counsel. Hammervold and Hammervold PLC's aligning interests in the case would, as determined by this Court, lead to hybrid representation if Hammervold were allowed to appear *pro se*.

This exact situation was before the court in *United States v. Private Brands, Inc.*, 250 F.2d 554 (2nd Cir. 1957), *cert. denied*, 355 U.S. 957 (1958). In that case a corporation and Carey, its President and controlling stockholder, had been jointly prosecuted for fraudulently misrepresenting the quality of goods sold to government agencies. On the day trial was to begin, but before a jury was empaneled, Carey sought permission to proceed *pro se* and to have Driscoll, the attorney who had up to that point represented both him and the corporation, continue to represent the latter. The trial court denied Carey's request, and the Second Circuit determined as follows:

> In the case at bar Mr. Carey in effect wished to be represented by the attorney for the corporation, *whose interests were identical with his own*, and also act as his own attorney. The trial judge may well have thought this would cause delay and confusion in the trial. We cannot see any abuse of discretion in the way he handled the matter.... 250 F.2d at 557 (emphasis added). *See also O'Reilly*, 692 F.2d at 868 (distinguishing *Private Brands* on the basis that "the interests of Contemporary Mission and Rev. O'Reilly, unlike those of Private Brands and Carey, are not identical").

Here, there is no question whatsoever that the interests of Hammervold and Hammervold PLC are identical, and this Court is well within its discretion in refusing to allow Hammervold to appear *pro se* when such representation would result in hybrid representation.

### C. Hammervold Has Not Demonstrated That He Can Proceed In This Case In A Non-Obstructionist Manner.

On page 8 of the Motion to Proceed Pro Se, Hammervold suggests that this Court should be "satisfied" that he will represent himself and his firm in this action going forward without acting in an obstructionist manner. Recent actions and conduct of Mark Hammervold, however, strongly suggest that Hammervold will not do so.

In his Declaration (filed in support of his counsel's motion to withdraw under seal on August 8, 2018) Hammervold seeks to convince this Court that he cannot afford to retain counsel. However, this Declaration illustrates the obstructionist behavior that Hammervold continues to engage in. As evidenced by Hammervold's own May 2017 deposition testimony regarding his income and financial resources, his recent Declaration was not made in good faith as it does not in any way depict the full picture of his financial resources. Indeed, it does not contain any personal financial information about Mark Hammervold at all. Instead, it provides a global, conclusory estimate of the 2018 gross revenues of Hammervold, PLC and a global, conclusory estimate of expenses incurred in 2018 by Hammervold, PLC. No details addressing how the figures/estimate provided in this Declaration are provided, and no information about Hammervold's assets/net worth is provided. The deposition testimony that Hammervold gave in Civil Action No. 4:16-cv-94 (being filed by Plaintiffs under seal in support of this Response) in May 2017 demonstrates that Hammervold can afford to retain counsel.

Additionally, the Court need only look to the Motion itself to see Hammervold's propensity for obstructionist and unprofessional conduct. For no legitimate reason at all, Hammervold purports to cite to an "unofficial transcript" from the oral argument that took place before the Fifth Circuit in the interlocutory appeal (about statements made by Plaintiffs' counsel to Justice Clement about the settlement that was reached in Civil Action No. 4:16-cv-94) in

support of Hammervold's Motion to Proceed Pro Se – solely to make this information publicly available. Such conduct suggests that Hammervold will continue to act in an obstructionist manner.

To be sure, actions and conduct that Hammervold has engaged in recently in other cases suggest that if he is permitted to represent himself in this proceeding he will do so in an obstructionist manner. On July 20, 2018, the Circuit Court for Williamson County, Tennessee at Franklin issued a 122 page Memorandum and Order finding as follows:

- Hammervold and Hammervold PLC were in contempt of a court order without justification;

- Hammervold and Hammervold PLC failed to "maintain candor" with the court "throughout" those proceedings;

- Hammervold and Hammervold PLC attempted to "defraud" the court for "over two years"; and

- Hammervold and Hammervold PLC exhibited sanctionable conduct "throughout" those proceedings" and had abused the discovery process in those proceedings.

The court in that action sanctioned Hammervold and Hammervold PLC for their "contemptuous conduct" and found the actions and conduct of Mark Hammervold so egregious that, in addition to imposing sanctions in the amount of of $622,696.12, the court referred Hammervold's conduct to both the Tennessee Board of Professional Responsibility and the Tennessee District Attorney's Office. *See* Exhibit "A".

Hammervold's conduct in the Tennessee matter sheds considerable doubt on Hammervold's character and fitness for practice before the Eastern District of Texas – doubt that is only aggravated by the fact that Plaintiffs' claims against Hammervold in the present case stem directly from Hammervold's alleged misconduct as an attorney.

Plaintiffs rely on Hammervold's own past and ongoing conduct and the allegations against him in this case in opposing his request to proceed pro se. Hammervold has not demonstrated why the Court should retread old ground, and Hammervold's conduct since the Court considered and denied Hammervold's last Motion to Appear Pro Se only further supports Plaintiffs' and this Courts' concerns regarding his fitness to appear pro se.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Response be received and filed and, upon consideration, that the Motion to Proceed Pro Se filed by Mark Hammervold and Hammervold, PLC in this action be denied.

Respectfully submitted,

STECKLER GRESHAM COCHRAN

*/s/ Bruce W. Steckler*

**Bruce W. Steckler**
Texas Bar No. 00785039
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
bruce@stecklerlaw.com
kirstinet@stecklerlaw.com

**Thomas W. Fee**
State Bar No. 06873160
**Howard J. Klatsky**
State Bar No. 00786024
**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone: 972-934-9100
Facsimile: 972-934-9200
tfee@feesmith.com
hklatsky@feesmith.com

**Randy Johnston**
State Bar No. 10834400
**JOHNSTON TOBEY BARUCH, P.C.**
3308 Oak Grove Avenue
Dallas, TX 75204
Telephone: 214-741-6260
Facsimile: 214-741-6248
randy@jtlaw.com

**Braden M. Wayne**
State Bar No. 24075247
**SETTLEPOU**
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219
Telephone: 214-520-3300
Facsimile: 214-526-4145
bwayne@settlepou.com

**ATTORNEYS FOR PLAINTIFF
DIAMOND CONSORTIUM, INC. and
DAVID BLANK**

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 22nd day of August, 2018, I served a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action as follows.

*Via E-filing & Email*
Varant Yegparian
**Schiffer Hicks Johnson, PLLC**
700 Louisiana St., Suite 2650
Houston, Texas 77002

*E-filing & Email*
Bruce W. Steckler
**Steckler Gresham Cochran**
12720 Hillcrest Road- Suite 1045
Dallas, Texas 75230

*Via E-filing & Email*
Braden M. Wayne
**SettlePou**
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219

*Via E-filing & Email*
Randy Johnston
**Johnston Tobey Baruch, P.C.**
3308 Oak Grove Avenue
Dallas, Texas 75204

_____
**HOWARD J. KLATSKY**