## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| THE DIAMOND CONSORTIUM, INC. | § | |
| D/B/A THE DIAMOND DOCTOR | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:17-CV-00452 |
| | § | |
| MARK HAMMERVOLD and | § | |
| HAMMERVOLD PLC. | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

---

### REPLY IN SUPPORT OF MOTION TO PROCEED *PRO SE*

Mark Hammervold and Hammervold PLC ("Hammervold") respectfully submit this Reply in further support of Mark Hammervold's exercise § 28 U.S.C. 1654 right to plead and conduct his own defense.

### The Appropriateness of Hammervold Representing Himself

1.      "Defendants in federal court have long been guaranteed by statute the right to conduct their own defense." *Chapman v. United States*, 553 F.2d 886, 889 (5th Cir. 1977); 28 U.S.C. § 1654. "The right to proceed *pro se* in civil actions in federal court is guaranteed by 28 U.S.C. § 1654…" *Harris ex. Rel. Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000).

2.      If timely invoked, right to self-representation may only be forfeited or denied when a party deliberately "engages in serious and obstructionist misconduct." US v. *Faretta*, 422 U.S. at 834, n. 46; *see United States v. Long,* 597 F.3d 720, 726 (5th Cir. 2010).

3.      "Serious and obstructionist misconduct" is an extremely high bar – reflective of the fundamental nature of the right of self-representation. The right to self-representation may only be abrogated when there is a "legitimate concern for the integrity of the trial process." 553 F.3d 834, 895 (5th Cir. 1977). Generally, this requires extreme intra-proceeding behavior obstructing the proceedings and/or demonstrating a strong likelihood to disrupt the proceedings:

| Case | Disruptive Misconduct |
|------|----------------------|
| *US v. Long*, 597 F.3 720 (5th Cir. 2010) | At multiple hearings, defendant repeatedly refused to answer judge's questions, instead repeating same non-sensical statement. |
| *US v. Vernier*, 381 Fed. Appx 325 (5th Cir. 2010) | Defendant boasted that he wanted to go out in a bloody confrontation, to disrupt his trial and to make news. |
| *US v. Weast*, 811 F.3d 743 (5th Cir. 2016) | Defendant refused to answer basic questions, interrupted the court ad nauseam, barraged the court with bizarre filings, and ignored numerous entreaties from the bench to change tack. |

4.      Self-representation should not be denied simply to make the proceeding "cleaner and fairer." *Richardson,* 478 Fed. Appx. at 91-92.

5.      It is improper to terminate self-representation due to the "mere possibility of … disruption," particularly when the trial court can control the "disruption" through less drastic means. *O'Reilly v. New York Times*, 692 F.2d 863, 869, n. 7 (2nd Cir. 1982).

6.      In previously denying Hammervold's initial attempt to proceed *pro se*, this Court never found that Hammervold had engaged in "serious and obstructionist misconduct." *See* Dkt. 224. Indeed, this Court indicated that it would revisit the issue once Hammervold's insurance policy was exhausted.

7.      None of the various attacks by Plaintiff against Hammervold in their Response to the Motion to Proceed Pro Se reflect "serious and obstructionist misconduct" by Hammervold.

8.      The Plaintiffs first example of Mark Hammervold's supposed "obstructionist misconduct" in this case demonstrates the baselessness of their argument on this issue. They argue that his "Declaration illustrates the obstructionist behavior that Hammervold continues to engage in" because his Declaration does not include additional financial details that the Plaintiffs believe he should have included.

9.      The Plaintiffs second example of Mark Hammervold's supposed "obstructionist misconduct" is similarly baseless. The Plaintiffs argue that Hammervold has a "propensity for obstructionist and unprofessional conduct" because a pleading filed by his current counsel cites to an "unofficial transcript" from the oral argument that took place before the Fifth Circuit in the interlocutory appeal "solely to make this information publicly available." This information was and is already publicly available on the Fifth Circuit's website (where full audio of all oral arguments can be publicly accessed). On February 13, 2018, Plaintiffs filed a motion to seal this portion of the oral argument.[1] That Motion was DENIED by the Fifth Circuit on February 21, 2018.[2]

10.      Finally, the Plaintiffs ask this Court to rely on factual findings from a July 20, 2018 Order issued in a pending case, *Chase v. Stewart*, that Plaintiffs argue "shed[] considerable doubt on Hammervold's character and fitness for practice before the Eastern District of Texas." This would be error for several reasons. First, the Fifth Circuit has held that "even though a court may take judicial notice of a 'document filed in another court ... to establish the fact of such litigation and related filings,' a court cannot take judicial notice of the factual findings of another court." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829–832 (5th Cir. 1998). "[A] court cannot (at least as a general matter) take judicial notice of a judgment for other, broader purposes." *Id.* at

---

[1] Attached as Exhibit 1.
[2] Attached as Exhibit 2.

831. Second, the Court in *Chase v. Stewart* – despite entering a civil judgment against Brian Manookian, Cummings Manookian, PLC, and Hammervold – *allowed* and *continues to allow* Hammervold to represent himself and Hammervold PLC in the proceeding. Order, p. 67 ("Mr. Hammervold did appear and made arguments on behalf…himself."). Third, the Plaintiffs are estopped from raising the issues in the July 20, 2018 Order against Hammervold because that Order primarily addresses the credibility and actions of Brian Manookian and only holds Hammervold jointly liable based on his association with Manookian as co-Counsel. The Agreed Permanent Injunction (Dkt. 360) explicitly enjoined the Plaintiffs and their Attorneys from "any…disparaging or defaming the services business, integrity, veracity, or personal or professional reputations of [Brian Manookian, Cummings Manookian PLC, and Brian Cummings] in either a personal or professional manner at any time and through any medium or intermediary."

### Hammervold's Right/Ability to also Represent his Solo Practice

11.     Since Hammervold has a statutory right to represent himself, it is entirely appropriate for Hammervold to serve the dual role of advocate and witness at trial for himself. *See* Texas Disciplinary R. Prof. Conduct § 3.08(a)(4). Since Hammervold is already permitted to serve these dual roles on his own behalf, and Hammervold PLC's "liability" is entirely vicarious, there is no ethical or trial management reason to justify disqualifying Hammervold from also representing his solo practice. *Marin v. Gilberg,* 2008 U.S. Dist. LEXIS 53341 (S.D. Tex. July 11, 2008) – a case cited by Plaintiffs – is distinguishable for this reason. In that case, the disqualified attorney was not a defendant representing himself. *Id.* at *8 ("It is clear that the Carrigan Firm, rather than Mr. Carrigan, is the sole remaining plaintiff. … Accordingly, Mr. Carrigan is not excepted from the lawyer-witness disciplinary rules under these circumstances.").

12.     Hammervold is not seeking hybrid representation. He is asking to be able to present a single, streamlined defense on behalf of both himself and his solo practice.

13.     However, even if this Court were to require Hammervold PLC to be represented by an attorney other than Hammervold, this would not provide a reason for denying Hammervold his right to at least represent himself:

> The district court also discussed that Hammervold's pro se representation would lead to prohibited "hybrid representation." The court refrains from adopting the district court's determination that Hammervold PLC is legally indistinguishable from Hammervold as an individual defendant. Instead, the court reiterates the long-accepted principle that a corporation is separate from its shareholders, even where the corporation has a sole shareholder.

*Diamond Consortium, Inc. v. Hammervold*, 2018 U.S. App. LEXIS 16212, *6 (Jun. 14, 2018).

WHEREFORE PREMISES CONSIDERED, Hammervold respectfully requests that this Court enter an order allowing Hammervold to represent himself and Hammervold PLC.

Dated:          August 29, 2018

Respectfully submitted,

*/s/ Varant Yegparian*
Varant Yegparian
Texas Bar No. 24070893
S.D. Tex. ID No. 2385654
SCHIFFER HICKS JOHNSON PLLC
700 Louisiana, Ste. 2650
Houston, Texas 77002
Tel. 713.357.5150
Fax. 713.357.5160
vyegparian@shjlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2018, a true and correct copy of the foregoing filing was served upon all counsel of record via the Court's ECF system.

*/s/ Varant Yegparian*
Varant Yegparian