# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR | § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | Civil Action No. 4:17-CV-00452 |
| MARK HAMMERVOLD and HAMMERVOLD PLC. | § § § § | |
| *Defendants.* | § | |

## REPLY IN SUPPORT OF MOTION TO WITHDRAW

Varant Yegparian and Schiffer Hicks Johnson PLLC f/k/a Schiffer, Odom, Hicks & Johnson PLLC file this reply in support of their motion to withdraw as attorneys for defendants Mark Hammervold and Hammervold PLC ("Hammervold"):

Plaintiff's response to the motion is predicated largely on arguments as to why Hammervold should be deprived of their right to proceed *pro se*. These claims largely miss the mark as they are *not* reasons to prevent movant's *withdrawal*. Moreover, the few arguments actually made in direct response to motion are unsupported by the facts. Because the balance of the response fails to proffer a sustainable argument as to why the motion should be denied, movants respectfully request that the Court permit them to withdraw.

Primarily, Plaintiff completely neglects to address the fact that movants have been discharged. The Texas Rules of Professional Conduct permit a discharged attorney to withdraw

without any consideration of prejudice to the client, much less to the opposing party. *Pjetrovic v. Home Depot*, 411 S.W.3d 639, 644 (Tex. App.—Texarkana 2013, no pet.).

The only arguments that actually respond to the substance of the motion concern the financial hardship movants would suffer were withdrawal denied. Plaintiff argues that there are "monies left on" Hammervold's insurance policy, yet fail to mention that only $3,146.76 remained as of the time of the motion's filing. Indeed, Plaintiff makes no argument—nor can it—that this amount would be sufficient to pay movants' fees from this early stage all the way through trial. Indeed, additional fees have been incurred—largely in responding to Plaintiff's opposition—that have further depleted the few thousand dollars remaining on the policy. Movants fully expect the entirety of the policy to be diminished as of the September 6, 2018 Management Conference, at which time they will begin to not be paid for the services they render.[1] Apparently, Plaintiff thinks it prudent to subject movants to this financial hardship.

Plaintiff also contends that "Hammervold does not demonstrate that Hammervold cannot afford to retain counsel." First, this claim is directly controverted by the Hammervold Declaration filed under seal in connection with the motion to withdraw. Second, Plaintiff's specious claim here is really a naked attempt to engage in a fishing expedition on Hammervold and Hammervold PLC's financial condition—information that has absolutely no bearing on the substance of their claims.

The remainder of Plaintiff's arguments are all directed at the supposed prejudice they would suffer should Hammervold be allowed to proceed pro se. Critically, these arguments are

---

[1] To the extent necessary, movants will readily supplement their affidavits with additional fee statements should the Court ask.

irrelevant to the motion.[2] *Millar v. Houghton*, 115 F.3d 348, 351 (5th Cir. 1997) (distinguishing between acts of withdrawing attorney and client). Seen from this vantage point, Plaintiff's opposition to the motion is really an attempt to apply pressure to Hammervold's defense while keeping a discharged attorney who Hammervold will be unable to pay in the cross-fire.

Arguments against Hammervold's right to proceed pro se are not arguments for why movants should be denied their requested withdrawal. The applicable insurance policy has been depleted and Hammervold has indicated that he cannot pay counsel's fee. This litigation is just beginning and, given the nature of the dispute and the parties, will be costly. While Plaintiff wishes to leverage their claims, they should not be permitted to do so by inflicting the extreme financial hardship that counsel would suffer should the motion be denied. Accordingly, Varant Yegparian and Schiffer Hicks Johnson PLLC f/k/a Schiffer, Odom, Hicks & Johnson PLLC respectfully request that the Court grant their motion to withdraw and immediately discharge them as counsel of record.

Dated: August 29, 2018

                                                      Respectfully submitted,

                                                      */s/ Varant Yegparian*
Varant Yegparian
Texas Bar No. 24070893
S.D. Tex. ID No. 2385654
SCHIFFER HICKS JOHNSON PLLC
700 Louisiana, Ste. 2650
Houston, Texas 77002
Tel. 713.357.5150
Fax. 713.357.5160
vyegparian@shjlawfirm.com

---

[2] While Plaintiffs' arguments are fully addressed in the reply in support of the motion to proceed pro se, it is nevertheless important to note that there is no governing protective order in place in this litigation. Nor have Plaintiffs' mentioned any confidential or sensitive documents that are relevant in this matter. Seen in this light, their concern over "gamesmanship" is totally without merit.

...

P a g e | 4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2018, a true and correct copy of the foregoing filing was served upon all counsel of record via the Court's ECF system.

*/s/ Varant Yegparian*
Varant Yegparian