# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR | § § § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| vs. | | Civil Action No. 4:17-CV-00452 |
| MARK HAMMERVOLD and HAMMERVOLD PLC. | | |
| *Defendants.* | | |

## SUPPLEMENTAL DECLARATION OF VARANT YEGPARIAN

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney representing Mark Hammervold and Hammervold PLC ("Hammervold") in the above styled and captioned matter.

2. On June 27, 2017, the Court granted Hammervold's Motion to Sever and Consolidated Motion to stay in Civil Action No. 4:16-CV-00094, *Diamond Consortium Inc., et al. v. Brian Manookian, et al.* ("Underlying Litigation"). Hammervold appealed the Court's denial of its Motion to Dismiss and Motion to Substitute as counsel. During the pendency of those appeals, the parties to the Underlying Litigation conducted additional discovery, proceeded to trial, and reached an eventual settlement.

3. Hammervold has instructed me that I and my firm are discharged from defending both Mark Hammervold and Hammervold PLC. Hammervold has further indicated that neither I nor my firm are to participate in the defense of Mark Hammervold and/or Hammervold PLC,

including without limitation: participating in discovery, motion practice, preparing this matter for trial, or otherwise providing a defense to Mark Hammervold or Hammervold PLC.

4. While I had been retained by Hammervold, fees generated by myself and my firm in this matter had been paid pursuant to an insurance policy procured from The Bar Plan ("Bar Plan Policy"). The Bar Plan Policy provided diminishing coverage for Hammervold.

5. As indicated by the Declaration of Charles S. Coffey, The Bar Plan instructed me that as of August 7, 2018, $3,197.76 remained on the policy it extended to Hammervold. Since that time, the amounts remaining on the Bar Plan Policy have been exhausted.

6. Furthermore, Mark Hammervold has indicated to me that he cannot and will not pay for the attorney's fees, costs, and expenses that will be incurred in the defense of Mark Hammervold and Hammervold PLC. These costs include: any additional depositions (i.e., of David Blank and/or Diamond Doctor's corporate representative), any additional written discovery, additional motion practice (i.e., motions for summary judgment), as well as the costs of preparing for and trying this case.

7. In light of the above, my continued representation of Hammervold would result in a severe financial hardship.

8. I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 14th day of September, 2018

Varant Yegparian