**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, ET AL** | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | **Civil Action No. 4:17-CV-452** |
| **MARK HAMMERVOLD, ET AL,** | § § § § | **Judge Mazzant** |
| *Defendants,* | § | |

---

**RESPONSE TO SUPPLEMENTAL DECLARATION OF MARK HAMMERVOLD**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT:

COME NOW The Diamond Consortium, Inc. d/b/a The Diamond Doctor, et al, Plaintiffs in the above styled and numbered cause, and would respectfully show this Court the following:

**I.**

1. On September 3, 2018 the Court conducted a Rule 16 Management Conference in this case. During the course of this conference, the Court heard argument on Defendant Mark Hammervold's Motion to Proceed Pro Se (Dkt. #22). The Court noted that the (initial) Declaration of Mark Hammervold (that Defendants sought to file under seal) was too general and did not demonstrate that Hammervold does not have the ability to pay counsel. The Court gave Hammervold until September 14, 2018 to file a Supplemental Declaration, and Plaintiffs until September 21, 2018 to file a Response to the Supplemental Declaration.

2. The Supplemental Declaration of Mark Hammervold, which was filed under seal on September 14, 2018 (Dkt. #35), does contain certain personal financial information about

Mark Hammervold. Given this fact, Plaintiffs did not oppose the filing of this Supplemental Declaration under seal. However, this Supplemental Declaration still fails to demonstrate that Hammervold does not have the ability to pay counsel.

3. At the above-referenced conference, the Court suggested that the Supplemental Declaration to be filed by Hammervold should address those items that the Court typically sees in Motions for Leave to Proceed In Forma Pauperis. Hammervold's Supplemental Declaration does not address a number of items that are contained in the Court's proposed form for the filing of such a Motion. Specifically, Hammervold's Supplemental Declaration **does not address** whether or not his spouse is presently employed, her salary/wages per month, the name and address of her employer, monies that she has received within the past twelve (12) months from any business, profession, or form of self-employment, rental payments, interest, or dividends that Mr. Hammervold and his spouse have received – if any – within the past twelve (12) months, pensions, annuities, or life insurance payments that Hammervold or his spouse have received (if any) within the past twelve months, gifts or inheritances (if any) that Hammervold or his spouse have received within the past twelve (12) months, and monies that Hammervold's spouse has received (if any) from any other sources within the past twelve (12) months.

4. Additionally Hammervold's Supplemental Declaration **does not identify** the amount of cash that Hammervold and his spouse currently have on hand, monies that Hammervold (as opposed to Hammervold, PLC) and his spouse have in bank accounts or in any other financial institutions, the names of those financial institutions, the value of the home that Hammervold and his spouse purchased in 2015, the amount of equity that Hammervold and his spouse have in this home, the content of the "agreement" (referenced in paragraph no. 26 of the Supplemental Declaration) relating to this house, the value of the vehicles identified in paragraph

no. 27 of Hammervold's Supplemental Declaration, real estate, stocks, bonds, notes, or other valuable property that Hammervold's spouse owns, any anticipated major changes to the monthly income of Hammervold's spouse or her assets during the next twelve (12) months, or any details addressing the average monthly expenses of Hammervold and his spouse (the amounts of utilities, home maintenance, medical and dental expenses, etc.). Finally, although Hammervold states that he does not have the assets to pay for Mr. Yegparian's firm and its fees, he has not set forth any efforts to retain substitute counsel who would charge lower rates or agree to a different rate structure than his current counsel.

5. These material omissions deny the Court the opportunity to make an informed determination as to Mr. Hammervold's net worth, liquidity, or ability to afford or obtain counsel, and for these reasons and the reasons set forth in the Response to the Motion to Proceed Pro Se (Dkt. #26), the Court should deny the Motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Court enter an Order denying Mark Hammervold's Motion to Proceed Pro Se.

**STECKLER GRESHAM COCHRAN**

/s/ Bruce W. Steckler
**Bruce W. Steckler**
Texas Bar No. 00785039
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
bruce@stecklerlaw.com
krogers@stecklerlaw.com

**Thomas W. Fee**
State Bar No. 06873160
**Howard J. Klatsky**
State Bar No. 00786024
**FEE, SMITH, SHARP & VITULLO, LLP**

Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone: 972-934-9100
Facsimile: 972-934-9200
tfee@feesmith.com
hklatsky@feesmith.com

**Randy Johnston**
State Bar No. 10834400
**JOHNSTON TOBEY BARUCH, P.C**.
3308 Oak Grove Avenue
Dallas, TX 75204
Telephone: 214-741-6260
Facsimile: 214-741-6248
randy@jtlaw.com

**Braden M. Wayne**
State Bar No. 24075247
**SETTLEPOU**
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219
Telephone: 214-520-3300
Facsimile: 214-526-4145
bwayne@settlepou.com

**ATTORNEYS FOR PLAINTIFF
DIAMOND CONSORTIUM, INC. and
DAVID BLANK**

## CERTIFICATE OF SERVICE

      Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 21st day of September, 2018, I served a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action as follows.

*Via E-filing & Email*
Varant Yegparian
**Schiffer Hicks Johnson, PLLC**
700 Louisiana St., Suite 2650
Houston, Texas 77002

*E-filing & Email*
Bruce W. Steckler
**Steckler Gresham Cochran**
12720 Hillcrest Road- Suite 1045
Dallas, Texas 75230

*Via E-filing & Email*
Braden M. Wayne
**SettlePou**
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219

*Via E-filing & Email*
Randy Johnston
**Johnston Tobey Baruch, P.C.**
3308 Oak Grove Avenue
Dallas, Texas 75204

                      */s/ Braden M. Wayne*
                      Braden M. Wayne