**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, ET AL** § § § § | | |
| *Plaintiffs*, § § | | |
| vs. § § | **Civil Action No. 4:17-CV-452** | |
| **MARK HAMMERVOLD, ET AL,** § § § § | **Judge Mazzant** | |
| *Defendants,* § | | |

---

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO MOTION TO PROCEED PRO SE**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT:

Plaintiffs Diamond Consortium, Inc. d/b/a the Diamond Doctor, et al file this Supplemental Response to the Motion to Proceed Pro Se that Defendants Mark Hammervold and Hammervold, PLC filed in this proceeding on August 8, 2018 (Dkt. #22), and would respectfully show this Court the following:

**I.**

1.   On August 22, 2018, Plaintiffs filed their (original) Response to Defendants' Motion to Proceed Pro Se (Dkt. #26). The content of that Response is fully incorporated by reference herein.

2.   In that Response, Plaintiffs presented information demonstrating that Hammervold has a propensity for engaging in obstructionist and unprofessional conduct, and argued that actions and conduct that Hammervold has engaged in recently (in other cases)

suggest that, if he is permitted to represent himself in this proceeding, he will do so in an obstructionist and improper manner.

3. This Court conducted a Rule 16 Management Conference in this case on September 5, 2018, and heard brief argument on Defendants' Motion to Proceed Pro Se at that time.

4. Five (5) days later – while his Motion to Proceed Pro Se was still pending before the Court – and before Hammervold filed a Supplemental Declaration in support of his Motion – Hammervold personally sent a "Notice of Forthcoming Lawsuit Against Diamonds Direct USA of Dallas" to Itay and Amit Berger, the principals of Diamonds Direct USA, which is the successor-in-interest to Plaintiff Diamond Doctor's diamond business, and an identified witness in this case.

5. Hammervold's email advised that he was "preparing to file a lawsuit against Diamonds Direct USA of Dallas, LLC and others." *See* Exhibit "A". This "Notice" included a detailed draft complaint, naming Mark Hammervold as Plaintiff and Diamonds Direct USA of Dallas, LLC, David Blank, and Diamond Consortium, LLC d/b/a the Diamond Doctor (two of whom are parties to this suit) as Defendants. *See* Exhibit "B". The allegations contained in this draft are virtually identical to the allegations that Hammervold and his co-conspirators have asserted against the Diamond Doctor and David Blank in the past and are related to this suit pending before this Court. This draft complaint references the lawsuit that Plaintiffs filed against Hammervold's co-conspirators as "bogus" (notwithstanding the rulings made by the Court in that litigation) and characterizes the allegations that Plaintiffs have asserted against Hammervold and his firm in this case as "sparse and generic" (even though this Court denied the Motion to Dismiss filed by the Hammervold Defendants, which was subsequently affirmed by the Fifth

Circuit Court of Appeals) and includes threatened claims of "abuse of process" (of the very claims that remain pending before this Court) and "defamation per se" (based upon statements allegedly made by attorney Bruce Steckler to an out of state attorney named Peter Lubin).

6. Less than a month before sending his Notice, Hammervold, through his counsel in this suit, represented to this Court that Itay and Amit Berger are two of the six witnesses they seek to depose as part of the additional discovery needed in this case. Dkt. #23 at 9; 12.

7. Notably, the Notice sent by Hammervold also included a request that Itay and Amit Berger *call Hammervold directly* within 48 hours of receiving the Notice, as well as a "litigation hold" relating to documents Hammervold intended to subpoena in the present case.

8. For several reasons, Hammervold's "Notice" to Itay and Amit Berger is further evidence as to why the Defendants' Motion to Proceed Pro Se should be denied.

9. First, Hammervold's apparent interest in and ability to initiate new, complex litigation suggests that Hammervold does have the financial ability to prosecute new litigation in the immediate future.

10. Second, Hammervold's threat of litigation arising out of the same facts as this litigation is an improper attempt to impede the prompt trial of this suit. Although the Court has not yet issued a scheduling order in this matter post-severance, in the Rule 26(f) Joint Discovery and Case Management Plan and corresponding proposed scheduling order, all parties agreed to a May 2016 deadline to add parties. Hammervold's new threats ignore the letter and the spirit of that deadline and seek an end run around this Court's orders.

11. Third, in threatening a lawsuit against individuals who he named as witnesses in this suit, about the same facts at issue in this suit, Hammervold's most recent actions and conduct further shed considerable doubt on Hammervold's character and fitness for practice before the

Eastern District of Texas. *See* E.D. TEX. L. R. AT-3(F)-(K). They also demonstrate that Hammervold is affirmatively taking actions that threaten the integrity of the judicial process. This conduct also further illustrates the practical difficulties that counsel will face in communicating with an opposing counsel who is also a party and witness in this case if the Court permits Hammervold to represent himself or his law firm.

12. Fourth, Hammervold's demand that Diamonds Direct preserve documents and information that the Hammervold Defendants intend to subpoena in the present case (in which the Court has expressly forbidden Hammervold from acting as counsel) constitutes an intentional sidestepping of this Court's orders and illustrates Hammervold's inability to operate within the ethical confines of the Eastern District.

13. Finally, and most importantly, Hammervold's direct communications (on September 10, 2018) with the principals of Diamonds Direct USA of Dallas give rise to a legitimate concern regarding improper witness tampering. These principals have been identified as fact witnesses in this case, and the Hammervold Defendants filed a notice of their intent to depose these witnesses less than a month before sending direct threats of forthcoming litigation. Sending a direct threat of litigation prior to obtaining the witnesses' sworn testimony compromises the veracity and integrity of the process, regardless of who represents the Hammervold Defendants in this suit.

14. Given Hammervold's latest antics, Plaintiffs respectfully ask that this Court schedule a hearing and order Hammervold to appear in person at this hearing to explain his conduct and, upon conclusion of same, that this Court enter an Order Denying the Defendants' Motion to Proceed Pro Se, and for such further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

**STECKLER GRESHAM COCHRAN**

*/s/ Bruce W. Steckler*
**Bruce W. Steckler**
Texas Bar No. 00785039
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
bruce@stecklerlaw.com
krogers@stecklerlaw.com

**Thomas W. Fee**
State Bar No. 06873160
**Howard J. Klatsky**
State Bar No. 00786024
**FEE, SMITH, SHARP & VITULLO, LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone: 972-934-9100
Facsimile: 972-934-9200
tfee@feesmith.com
hklatsky@feesmith.com

**Randy Johnston**
State Bar No. 10834400
**JOHNSTON TOBEY BARUCH, P.C**.
3308 Oak Grove Avenue
Dallas, TX 75204
Telephone: 214-741-6260
Facsimile: 214-741-6248
randy@jtlaw.com

**Braden M. Wayne**
State Bar No. 24075247
**SETTLEPOU**
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219
Telephone: 214-520-3300
Facsimile: 214-526-4145
bwayne@settlepou.com

          **ATTORNEYS FOR PLAINTIFF**
          **DIAMOND CONSORTIUM, INC. and**
          **DAVID BLANK**

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 21st day of September, 2018, I served a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action as follows.

*Via E-filing & Email*
Varant Yegparian
**Schiffer Hicks Johnson, PLLC**
700 Louisiana St., Suite 2650
Houston, Texas 77002

*E-filing & Email*
Bruce W. Steckler
**Steckler Gresham Cochran**
12720 Hillcrest Road- Suite 1045
Dallas, Texas 75230

*Via E-filing & Email*
Braden M. Wayne
**SettlePou**
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219

*Via E-filing & Email*
Randy Johnston
**Johnston Tobey Baruch, P.C.**
3308 Oak Grove Avenue
Dallas, Texas 75204

          */s/ Braden M. Wayne*
          Braden M. Wayne