**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, ET AL** | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | **Civil Action No. 4:17-CV-452** |
| **MARK HAMMERVOLD, ET AL,** | § § | **Judge Mazzant** |
| | § § | |
| *Defendants,* | § | |

_____

## PLAINTIFFS' MOTION TO COMPEL DEPOSITION DATES
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT:

COME NOW The Diamond Consortium, Inc. d/b/a The Diamond Doctor, et al, Plaintiffs in the above styled and numbered cause, file this Motion to Compel Deposition Dates and would respectfully show this Court the following:

On August 17, 2018, the parties filed their Rule 25(f) Joint Discovery and Case Management Plan, in which the parties represented that Plaintiffs sought to depose a corporate representative of Defendant Hammervold, PLC and Boaz Ramon (*see* Dkt. 23 at 12). On September 5, 2018, this Court held a scheduling conference and motion hearing at which the remaining discovery needed was addressed. At that hearing, the Court also heard argument from the parties on Defendants' Motion to Proceed Pro Se and the Motion to the Withdraw as Counsel for Defendants but did not rule on the motions. The motions remain pending at this time.

On September 7, 2018, counsel for Plaintiffs contacted counsel for Defendants, Varant Yegparian, regarding the scheduling of depositions of a corporate representative of Hammervold, PLC and Boaz Ramon.

When no dates were provided by counsel, Plaintiffs' counsel sent another request for deposition dates on September 12, 2018.  Mr. Yegparian responded that he had seen the request for dates and would respond soon.   On September 21, 2018, this Court entered a scheduling order in this case setting a March 1, 2019 final pretrial conference and a January 1, 2019 discovery deadline (*see* Dkt. 42).  On September 24, 2018, counsel for Plaintiffs again requested the proposed deposition dates, noting the quickly approaching January 1, 2019 discovery deadline.  That same day, Mr. Yegparian responded that he was not in a position where he could discuss deposition dates on Mr. Hammervold's behalf and that, while the Court had not yet granted his motion to withdraw as counsel, he was not authorized to act on Mr. Hammervold's behalf.  On September 26, 2018, Mr. Yegparian stated that he had passed along the request to Mr. Hammervold and was awaiting his response.

After Plaintiffs sent their request for available deposition dates, Mr. Hammervold contacted counsel for Plaintiffs directly, but he did not offer any available deposition dates.  Because Mr. Yegparian is still counsel for record for Mr. Hammervold, Plaintiffs' counsel have expressed discomfort at discussing any case-related issues with him and have requested that all contact be made through his counsel while the Motion to Proceed Pro Se and the Motion to Withdraw remain pending.

On October 1, 2018, counsel for Plaintiffs again inquired about available deposition dates.  Mr. Yegparian responded that, although he had passed the request along to Mr. Hammervold, Mr. Hammervold had not provided him with any dates to give to Plaintiffs' counsel.

Mr. Yegparian has represented that because his client has discharged him, he does not have the authority to make any decisions on Defendants' behalf.  This position is contrary to well established principles.

After significant conferencing on the issue, Plaintiffs now seek Court intervention.  The parties complied with the Court's procedures on Discovery Disputes as set forth in the Order Setting Pretrial Dates and Trial (*see* Dkt. 42) prior to the filing of this motion.

### ARGUMENT & AUTHORITIES

Mr. Yegparian and Schiffer Hicks Johnson PLLC f/k/a Schiffer, Odom, Hicks & Johnson, PLLC still represent Defendants in this matter, regardless of Mr. Hammervold's efforts to discharge his counsel.  "When an attorney agrees to undertake the representation of a client, he is expected to see the work through to completion."  *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987).  Indeed, Local Rule CV-11(c) provides that "[a]ttorneys may withdraw from a case only by motion and order under conditions imposed by the court."  E.D. TEX. L.R. CV-11(c); *see also Matter of Wynn,* 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."); *Diamond Consortium, Inc. v. Hammervold,* 737 F. App'x 194, 197 (5th Cir. 2018).  No order has been entered permitting Mr. Yegparian's (or his firm's) withdrawal in this case.  That his client has purportedly "discharged him" does not change who is counsel of record.  Instead, Mr. Hammervold's "discharge" of his lawyer is an attempt to avoid the fact that his motions remain pending before this Court, to ignore the Court's record naming Mr. Yegparian as counsel, to disregard the Court's exclusive authority to make the withdrawal determination, and to obstruct and delay these proceedings.  *Broughten v. Voss,* 634 F.2d 880, 882–83 (5th Cir. 1981) ("it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by

the withdrawal of counsel, and that the withdrawal of counsel is for good cause."). Once again, Mr. Hammervold's actions demonstrate a total disregard for the integrity of the judicial process. Mr. Yegparian's withdrawal is a matter for the Court to decide, not Mr. Hammervold. *Dorsey v. Portfolio Equities, Inc.,* No. CIV.A.3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) ("Whether counsel may withdraw is a decision 'entrusted to the sound discretion of the trial court....'") (citing *In re Wynn,* 889 F.2d at 646).

Regardless of Mr. Hammervold's pending motions, Plaintiffs are entitled – and expected – to prosecute their claims against Defendants.  Less than three months remain until the discovery deadline, and the depositions must be scheduled.

For these reasons, Plaintiffs now seek an order compelling a list of dates and times when Defendants and their counsel of record are available for the depositions of a corporate representative of Hammervold, PLC and the Boaz Ramon.  Plaintiffs further seek an order from the Court that, until he is ordered withdrawn by this Court, or until another counsel makes an appearance on Mr. Hammervold's behalf, Mr. Yegparian remains counsel of record for conferencing and appearance purposes.  Plaintiffs finally seek an order from the Court that, unless Mr. Hammervold is granted leave to appear pro se, all communications made on Mr. Hammervold's behalf be made through counsel unless specifically agreed in advance by counsel.

Respectfully submitted,

**STECKLER GRESHAM COCHRAN**


*/s/ L. Kirstine Rogers*
Bruce W. Steckler
Texas Bar No. 00785039
L. Kirstine Rogers
Texas Bar No. 24033009
12720 Hillcrest Road – Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
bruce@stecklerlaw.com
krogers@stecklerlaw.com


**JOHNSTON TOBEY BARUCH, P.C.**
Randy Johnston
State Bar No. 10834400
3308 Oak Grove Avenue
Dallas, TX 75204
Telephone: 214-741-6260
Facsimile: 214-741-6248
randy@jtlaw.com


**SETTLEPOU**
Braden M. Wayne
State Bar No. 24075247
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219
Telephone: 214-520-3300
Facsimile: 214-526-4145
bwayne@settlepou.com

**FEE, SMITH, SHARP & VITULLO, LLP**
Thomas W. Fee
State Bar No. 06873160
Howard J. Klatsky
State Bar No. 00786024
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone: 972-934-9100
Facsimile: 972-934-9200
tfee@feesmith.com
hklatsky@feesmith.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF CONFERENCE</u>**

I, the undersigned counsel, hereby certify that I personally conferenced with Defendants' counsel, Varant Yegparian, pursuant to Local Rule CV-7(h).  Mr. Yegparian represented that he had been "discharged" from the case by Defendants and that he was therefore unable to oppose or agree to this motion.

*/s/ L. Kirstine Rogers*
L. Kirstine Rogers

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on September 4, 2018, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

*/s/ L. Kirstine Rogers*
L. Kirstine Rogers