**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **THE DIAMOND CONSORTIUM, INC.** | § | |
| **D/B/A THE DIAMOND DOCTOR, ET AL** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | **Civil Action No. 4:17-CV-452** |
| vs. | § | **Judge Mazzant** |
| | § | |
| **MARK HAMMERVOLD, ET AL,** | § | |
| | § | |
| *Defendants,* | | |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION**
**FOR ATTORNEYS FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927 AND**
**COMMON LAW "BAD FAITH" EXCEPTION TO THE AMERICAN RULE**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW The Diamond Consortium, Inc. d/b/a the Diamond Doctor and David Blank (collectively "Plaintiffs"), and file this Surreply in Opposition to Defendants' Motion for Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and Common Law "Bad Faith" Exception to the American Rule (Dkt. 94) and would show as follows:

In an apparent attempt to turn the evidentiary tables, Defendants' reply argues that Plaintiffs are required to present this Court with evidence to avoid the imposition of sanctions. But it is not Plaintiffs who are required to prove anything regarding the underlying motion. Defendants must prove bad faith if they want sanctions awarded in their favor. They have not sustained that burden.

**A.  Defendants improperly seek to shift the burden of proof to Plaintiffs.**

Although Plaintiffs' claims have been dismissed without prejudice – and without objection by Defendants – Defendants now apparently seek to compel Plaintiffs to prove their entire case against the Hammervold Defendants in response to a motion for sanctions.

Defendants improperly rely on the Local Rules of this Court to somehow suggest that Plaintiffs must marshal their evidence proving their underlying RICO and conspiracy claims in order to demonstrate that they did not act in bad faith in filing and prosecuting this case. This is wholly contrary to and unsupported by the authorities set forth in the parties' briefing.

Indeed, Defendants have cited to no authority that would require Plaintiffs to identify the "specific" information, deposition testimony or trial exhibits "supporting their claims against Hammervold" to avoid a finding of bad faith. Dkt. 104 at 2-3. In fact, as acknowledged by Defendants' own authority, a lack of evidentiary support for claims is not evidence of bad faith, improper motive, or reckless disregard of the duty owed to the Court. *Flanagan v. Havertys Furniture Cos, Inc.,* 484 F. Supp. 2d 580, 582 (W.D. Tex. 2006) (cited by Defendants at Dkt. 94 at 3). Rather than challenge the merits of the case, the bad-faith exception seeks to punish "the conduct of the party and the party's counsel during the litigation of the case." *Id.*

The deposition testimony from several jewelers attached to Defendants' reply does not evidence bad faith by Plaintiffs, nor does it establish that Plaintiffs' claims were filed for an improper purpose. Plaintiffs certainly could offer counter-deposition excerpts, affidavits, and documentary evidence to lay the groundwork for their case on the merits, but Plaintiffs are not required to do that at this time. Indeed, what the evidence and testimony in this case would show about the conspiracy against Plaintiffs and other jewelers, and specifically the Hammervold Defendants' role in it, is not relevant to the imposition of sanctions whatsoever. This case is wholly distinguishable from the *Blakeman* case cited by Defendants. In that case, the sanctioned party failed to respond to several summary judgment and other motions, served improper discovery requests after summary judgment had been granted against him, submitted false interrogatory responses, failed to designate expert witnesses who the court found necessary to prove a legal malpractice case, and made numerous admissions regarding the lack of evidentiary

basis for his claims during a hearing before the court. *See In re Western Fidelity Marketing*, Case 4:01mc20 (Bankr. N.D. Tex. May 31, 2001 Findings of Fact and Conclusions of Law). None of these facts are present here.

Defendants' arguments regarding the evidentiary basis of the case are nothing more than speculative and untimely challenges to Plaintiffs' legal theories and how Plaintiffs intended to establish the very complex extortion campaign forming the basis of the RICO claims against the Hammervold Defendants. Such challenges are not enough to establish that Plaintiffs conducted this litigation in bad faith. *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 490 (5th Cir. 2004) ("a party has not acted in bad faith simply by predicating its legal claim on a controversial and unsettled legal theory.").

Contrary to Defendants' argument (Dkt. 104 at 2), Plaintiffs have not incorrectly asserted anything about the Court's prior consideration of Defendants' evidentiary arguments. In their motion for leave to file a motion for summary judgment, Defendants asked for "the opportunity to present a concise Motion for Summary Judgment based on the applicable law and testimonial admissions from Blank's deposition, which will demonstrate that the Plaintiffs never had any evidentiary basis for their claims as against Hammervold." Dkt. 59 at 4. This Court denied that motion for leave. Dkt. 80. Defendants should not be permitted to use their motion for sanctions as a vehicle to make the same evidentiary argument as the motion Defendants were not permitted to file.

Plaintiffs were prepared to proceed to trial. Plaintiffs have offered settlement communications and deposition testimony to show that Plaintiffs' dismissal had absolutely *nothing* to do with the merits of their claims or the evidentiary basis for them. *See* Dkts. 97-1; 99 (Exs. B-1; B-2); 101-1. And, even *had* Defendants prevailed on any evidentiary argument at trial, Defendants would not have been entitled to an award of attorney's fees. *Chang v. Chen,* 95 F.3d

27, 28 (9th Cir. 1996). Plaintiffs cannot now be punished for not wanting to incur the expense of a trial that would be a fruitless financial pursuit given Defendants' inability to satisfy any judgment awarded.[1]

### B.  Defendants have not proven any bad faith by Plaintiffs or their counsel.

Regardless of their attempts to have Plaintiffs marshal their evidence, Defendants must prove through clear and convincing evidence why they are entitled to an award of attorney's fees. *In re Moore,* 739 F.3d 724, 730 (5th Cir. 2014) ("[T]he finding of bad faith must be supported by clear and convincing proof."); *Procter & Gamble Co. v. Amway Corp.,* 280 F.3d 519, 526 (5th Cir. 2002) ("To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, … and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial…") (internal citation omitted). "The standard for the imposition of sanctions using the court's inherent powers is extremely high." *Goldin v. Bartholow*, 166 F.3d 710, 722–23 (5th Cir. 1999). Defendants cannot meet this standard.

Defendants have not identified *any* materials filed with this Court that were false, lacked credibility or were otherwise made in bad faith, nor have they identified *any* specific actions which were taken by Plaintiffs in this litigation for the purposes of harassment or which were objectively frivolous or caused Defendants to spend unnecessary time and resources. *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.,* 838 F.3d 586, 595 (5th Cir. 2016); *NASCO, Inc. v. Calcasieu Television & Radio, Inc.,* 894 F.2d 696 (5th Cir. 1990).

Instead, their argument appears to be that Plaintiffs should have never sued them in the first place. Defendants surmise that Plaintiffs' suit was filed in order to prevent them from filing

---

[1] To the extent the Court finds that Plaintiffs are required to prove the evidentiary basis of their claims in order to determine whether they acted in bad faith, Plaintiffs seek a hearing before this Court to determine whether the dismissal should be vacated and the case reset for trial.

claims against Plaintiffs in the future. But, they have no clear and convincing evidence of that purely speculative contention. The fact is that – and Defendants have not disputed this claim – Hammervold continued his representation of consumer clients against the Diamond Doctor while this case proceeded at the trial and appellate courts. Defendants' consumer practice was not restricted in any way by the filing or pendency of this suit. Defendants' purported evidence, which includes an unsworn and unauthenticated email to a journalist, communications between jewelers regarding how to respond to the extortion scheme lodged against them, and settlement communications made after suit was filed, does not establish that the Hammervold Defendants were named in this conspiracy suit for the purpose of getting them to agree not to represent individuals against the Diamond Doctor.

Plaintiffs sued the Hammervold Defendants because they were a necessary part of Defendants' illegal extortion scheme. *See* Dkt. 2 at ¶70. And, as this Court found, Plaintiffs "sufficiently alleged that the Hammervold Defendants were a necessary part of this scheme to allow Manookian and his firm to avoid an appearance of conflict when they entered into engagement agreements." Dkt. 11 at 6.

Although Defendants now speculate as to why Plaintiffs sued them, Plaintiff David Blank was *never* asked at his deposition regarding why he filed suit against the Hammervold Defendants. In fact, the Hammervold Defendants *never* deposed Plaintiffs. Although Mr. Blank was identified as an individual who Defendants anticipated deposing after the stay was lifted, *see* Dkt. 23 at 12, Defendants did not seek that deposition prior to the close of discovery. Defendants' evidence does not establish bad faith in filing suit, and the record shows that – regardless of whether a jury ultimately found that the evidence supported Plaintiffs' claims, as such evidentiary question is one reserved for trial – Plaintiffs successfully stated viable claims against them.

"The threshold to invoke the inherent power to sanction is high and is to be used only when a court finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *SFA Sys., LLC v. 1-800-Flowers.com, Inc.,* No. 6:09-CV-340, 2014 WL 10919514, at *2 (E.D. Tex. July 8, 2014) (citing *Chambers,* 501 U.S. at 46). Defendants seek over $100,000 in attorneys' fees. They have not offered a single billing statement in support of their request.  They seek costs but do not state what taxable costs they incurred. They claim bad faith but offer nothing credible to the Court that would demonstrate that Plaintiffs or their counsel acted frivolously, vexatiously, or for any improper purpose.

Nothing about the relevant legal authorities or Local Rules of this Court requires Plaintiffs to provide any specific type or amount of evidence to show why sanctions are not warranted. Defendants must prove why they should be awarded attorneys' fees in a case where they were never entitled to them. They have not done so. Defendants' motion (Dkt. 94) should be denied in its entirety.

Respectfully submitted,

**STECKLER GRESHAM COCHRAN**

*/s/ Bruce W. Steckler*
Bruce W. Steckler
Texas Bar No. 00785039
L. Kirstine Rogers
Texas Bar No. 24033009
Braden M. Wayne
State Bar No. 24075247
12720 Hillcrest Road – Suite 1045
Dallas, TX  75230
Telephone:  972-387-4040
Facsimile:  972-387-4041
krogers@stecklerlaw.com
bruce@stecklerlaw.com
braden@stecklerlaw.com

**JOHNSTON TOBEY BARUCH, P.C.**
Randy Johnston
State Bar No. 10834400

3308 Oak Grove Avenue
Dallas, TX 75204
Telephone:  214-741-6260
Facsimile:  214-741-6248
randy@jtlaw.com

**FEE, SMITH, SHARP & VITULLO, LLP**
Thomas W. Fee
State Bar No. 06873160
Howard J. Klatsky
State Bar No. 00786024
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone:  972-934-9100
Facsimile:  972-934-9200
tfee@feesmith.com
hklatsky@feesmith.com

**ATTORNEYS FOR PLAINTIFFS THE DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, AND DAVID BLANK**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 17, 2019, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

*/s/ Bruce W. Steckler*
Bruce W. Steckler